# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROBERT L. WRIGHT,**
**D.O.C. # D-U01281,**

    **Plaintiff,**

**vs.**                                             **CASE NO. 4:24-cv-314-WS-MAF**

**OFFICER MR. BROWN,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is a pro se prisoner and serial litigant, submitted a civil rights complaint, ECF No. 1, on August 12, 2024. Plaintiff also filed a prisoner consent form, ECF No. 2, signaling an intent to proceed in forma pauperis (IFP). He has not paid the filing fee. Even if Plaintiff had filed a proper IFP motion, it would not be reviewed. That is because Plaintiff is well known to this Court as a three-striker under the Prison Litigation Reform Act (PLRA). In the past 8 months, Plaintiff has filed at least 19 cases.[1]

---

[1] Judicial notice is taken of the following cases filed by Plaintiff since January 2024: 4:24-cv-00006-MW-MAF (dismissed on 3/3/24 for failure to comply with court orders); 4:24-cv-00011-AW-MAF(dismissed on 3/25/24 for failure to comply with court orders); 4:24-cv-00012-MW-MAF (dismissed on 3/20/24 as frivolous and for failure to comply with court orders); 4:24-cv-00017-WS-MAF (dismissed on 4/9/24 as malicious and for failure to comply with court orders; appeal dismissed on 5/17/24 for failure to pay the filing fee); 4:24-cv-00051-AW-MAF (dismissed on 4/28/24 for failure to comply with court orders); 4:24-cv-00060-WS-MAF (dismissed on 4/25/24 for failure to comply with court orders); 4:24-cv-00088-MW-MAF (dismissed on 5/24/24 for failure to comply with court orders);

Sometimes Plaintiff's complaints have been on the court form as required by the rules of this Court, but sometimes they have not. This case was initiated by the submission of the court form, which required him to disclose all prior cases he had filed and inform the Court if he had accumulated "three strikes." ECF No. 1 at 8-9. Such disclosures are necessary because the PLRA prohibits a prisoner from bringing a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Though Plaintiff acknowledged that he has had at least one case dismissed under that statute, he failed to identify any case numbers or dates of dismissal as required by the court form. ECF No. 1 at 9.

---

4:24-cv-00107-AW-MAF (dismissed on 5/17/24 for failure to comply with court orders); 4:24-cv-00108-WS-MAF (dismissed on 6/24/24 for failure to comply with court orders); 4:24-cv-00132-WS-MJF (dismissed on 4/30/24 for failure to state a claim; appeal dismissed on 6/17/24 for failure to pay the filing fee and failure to comply with court rules); 4:24-cv-00142-MW-MJF (pending order on recommended dismissal for failure to comply with court orders filed 8/6/24); 4:24-cv-00155-WS-MAF (dismissed on 5/24/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00212-WS-MAF (dismissed on 7/6/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00235-MW-MAF (dismissed on 6/26/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-296-MW-MAF (dismissed on 8/22/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00310-MW-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g) filed 8/12/24); 4:24-cv-321-MCR-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g) filed 8/19/24); and 4:24-cv-320-MCR-MJF (filed August 15, 2024).

4:24-cv-314-WS-MAF

Judicial notice is taken that Plaintiff has had three prior cases dismissed for reasons which count as a "strike" under § 1915(g).

On January 10, 2024, Plaintiff filed case number 4:24-cv-12-MW-MAF in this Court. It was dismissed March 20, 2024 both as frivolous and for failure to comply with a court order. ECF No. 11 of that case. That dismissal counts as Plaintiff's first strike.

Also on January 10, 2024, Plaintiff filed case number 4:24-cv-17-WS-MAF in this Court. It was dismissed on April 9, 2024, "as a shotgun pleading, as malicious based on [Plaintiff's] affirmative misrepresentations regarding his litigation history, for failure to comply with court orders, and for failure to pay the filing fee." ECF No. 26 of that case. That dismissal counts as Plaintiff's second strike.

On March 18, 2024, Plaintiff filed case number 4:24-cv-132-WS-MJF in this Court. It was dismissed on April 30, 2024 because Plaintiff's complaint failed to state a claim. ECF No. 19 at that case. That dismissal counts as Plaintiff's third strike.

All three cases cited above were filed while Plaintiff was a prisoner. Therefore, because Plaintiff has three strikes, he is not entitled to proceed without paying the filing fee at the time of case initiation unless he alleges

that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff presents no such allegations in his complaint, ECF No. 1.

In this case, Plaintiff alleges "Mr. Brown sent [Plaintiff] a gift on July 11, 2024 to Taylor CI from Kansas City, MO." Id.  at 5. That sentence is the entirety of Plaintiff's factual allegations against Defendant Brown, who is allegedly an Internal Revenue Service (IRS) employee. Id.  at 2. Plaintiff claims the following rights have been violated: "with entity criterion Fed. R. Evid. 201,"[2] "Primage,"[3] "§ 772.101 Civil Remedies for Criminal Practices Acts [sic] Laws,"[4] "§ 2000cc-1(a),"[5] "violation of immunity," "§ 1983 et seq." Id.  at 7. He also cites 28 U.S.C § 1346.[6] Id. at 16. He seeks $50 million in monetary damages in the form of an "IRS voucher." Id. at 7. Plaintiff makes no allegations that he is facing imminent danger from any person or situation (nor has he in any of the 18 other cases he has filed this year). The complaint has no basis in law or fact, is frivolous, and fails to state a claim.

Ordinarily, this case would be dismissed in one of two ways.  It could

---

[2] Rule 201 "governs judicial notice of an adjudicative fact." Fed. R. Evid. 201(a).
[3] "A small payment made by shippers to the captain of a ship for his [or her] special care of their goods." Primage. Merriam-Webster.com, https://www.merriamwebster.com/dictionary/primage. (Accessed Aug. 16, 2024).
[4] Florida Stat. §§ 772.10-772.19 is the civil damages section of the Florida RICO Act.
[5] Protection of religious exercise of prisoners.
[6] 28 U.S.C § 1346(a)(1) allows a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected…"

be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and as a three-striker, Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id. Alternatively, it could be dismissed with prejudice as frivolous.[7]

This time though, § 1915 does not end the Court's recommendation. Plaintiff's continuous abuse of the judicial process must be addressed. Of the 18 cases that have reached the report and recommendation stage so far, *all* have either been dismissed or recommended for dismissal: seven have been dismissed for failure to comply with a court order; three have been dismissed as either frivolous, malicious, or for failure to state a claim; four have been dismissed under the three-strikes provision; and four (this case included) are pending orders on recommendations for dismissal due to either failure to comply with court orders or the three-strikes provision.

Plaintiff is well-aware that he is a three-striker under § 1915(g) and is prohibited from bringing a case without full payment of the filing fee unless

---

[7] The Eleventh Circuit has consistently affirmed dismissal with prejudice of frivolous complaints. See, e.g., Broner v. Washington Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007); Austin v. Judge, 851 F. App'x 173, 175 (11th Cir. 2021); Nails v. Franklin, 279 F. App'x 899, 901 (11th Cir. 2008); Hernandez v. Palm Beach Cnty. State Att'y, No. 23-11024, 2023 WL 9642821, at *2 (11th Cir. Aug. 31, 2023), cert. denied, 144 S. Ct. 1121, 218 L. Ed. 2d 355 (2024).

he is under imminent danger of serious physical harm.[8] Yet he treats the judicial system like someone who is unhappy with their Magic 8 Ball—ask again, maybe the answer will change. It will not. By continually filing complaints without paying the filing fee (none of which allege imminent danger) and motions for in forma pauperis status, he shows a complete disregard not only for orders filed by various judges of the Northern District, but the law generally.[9]

In fact, he shows no signs of stopping. Since first being informed of his status as a three-striker and what that meant in an order three months ago, Plaintiff has filed half a dozen complaints in direct defiance of court orders.[10]

A review of his complaints shows a continual pattern of filing frivolous claims. An overwhelming majority have been directed toward the IRS, usually alleging various IRS employees sent him 'vouchers' for large sums of money.[11] After one of those cases was dismissed as frivolous, he

---

[8] Prior to Plaintiff's submission of the instant complaint on August 12th, he was told this in three separate orders (May 24th, June 26th, and July 6th). Since then, another order told him the same thing.

[9] Plaintiff has been sent at least one dismissal order a month since March (often more than one – in April, for example, it was four). Double that to include the reports recommending dismissal, which explained to Plaintiff in detail the reasons his claims were insufficient.

[10] In a recent seven-day period, Plaintiff filed four complaints, including two in one day.

[11] Ten, including this case, relate to IRS 'vouchers'; three to the IRS or another bank harassing him (See n.1, cases ending in 6, 12, 17, 60, 107, 108, 212, 296, 321; and 11, 61, and 68).

attempted to sue the magistrate judge and rehash the voucher issue again.[12] He filed a complaint against a book author because he thought the book was talking about him and the author spelled his name wrong.[13] He has also filed complaints alleging various wrongs by the prison system, including having to work during Ramadan, the mail system not giving him a book ordered with his IRS vouchers, and two cases that allege injuries on the same day (one claims his shoulder was burned in a cemetery while in prison, the other that he was forced on a stretcher).[14] Not a single claim has been deemed sufficient for service.

Dismissal with prejudice is a typical avenue for frivolous complaints outside of Rule 11 and should be done here. But Plaintiff's vexatious litigation is far from typical. In this case, Plaintiff acknowledged the Rule 11(b) certification on the complaint form in two separate places and signed under one. ECF No. 1 at 12, 13. It states:

> "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal Rule of Civil Procedure 11, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have

---

[12] See n.1, case ending in 132, dismissed for failure to state a claim.
[13] See n.1, case ending in 235.
[14] See n.1, cases ending in 155, 142, 320, 310.

evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11."

Id. at 11, 13. Plaintiff is well beyond the point of filing complaints for improper purposes. He has been repeatedly told by this Court how to properly proceed and plead a complaint. He willfully ignores those orders. Take his IRS vouchers claim: It has previously been dismissed as frivolous and was his first strike.[15] Yet he re-files similar frivolous claims with different defendant names—including here—swearing under penalty of perjury that it is not frivolous. In the other cases filed this year, he has affirmatively misrepresented his litigation history, submitted malicious complaints, failed to state a claim, failed to comply with court orders, failed to pay the filing fee, and filed improper pleading after improper pleading which have failed to comply with the Local Rules. See 1-2 n.1.

Rule 11 authorizes sanctions against litigants who, like Plaintiff, file frivolous or malicious lawsuits – even if they are pro se. See Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989); Fed. R. Civ. P. 11(c). The Eleventh Circuit has explained why sanctions are necessary:

"History teaches us that unless cases are pled clearly and precisely, ... [a] trial court's docket becomes unmanageable, the litigants suffer,

---

[15] See 4:24-cv-12-MW-MAF, ECF Nos. 7, 11, also discussed *supra* at 3.

and society loses confidence in the court's ability to administer justice. Filing a lawsuit is a serious matter, which often times results in significant consequences to the parties. **And judicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors…continue in their recalcitrance.**"

Nurse v. Sheraton Atlanta Hotel, 618 Fed. Appx. 987, 990-91 (11th Cir. 2015) (internal quotations omitted, emphasis added). Rule 11 sanctions can be imposed for "deterrence, compensation, and punishment." Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992). Further, a prisoner's constitutional right to access the courts is not unconditional. Cobble v. U.S. Gov't, 816 F. App'x 355, 360 (11th Cir. 2020). It must be balanced by this Court's own constitutional obligation to maintain its docket and protect the jurisdiction from abusive filings. E.g., Id.; Maid of The Mist Corp. v. Alcatraz Media, LLC, 388 F. App'x 940, 942 (11th Cir. 2010); Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir.1986). Plaintiff, like anyone else, cannot misuse the courts with impunity. Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989).

  Rule 11 sanctions are warranted in three circumstances. They include when a party files a pleading: "that has no reasonable factual basis;" "that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law;" or

"in bad faith for an improper purpose." Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (internal quotations omitted). All are present here.

Determining whether sanctions are appropriate is a two-step process. Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). The Court must determine if Plaintiff's claims are "objectively frivolous" and, if so, whether Plaintiff, who signed the pleading, "should have been aware that [the claims] were frivolous." Id. The standard is reasonableness. Id.

No competent pro se litigant would have believed Plaintiff's complaint had a reasonable chance of success, and thus it is objectively frivolous. See Id. As previously discussed, Plaintiff attempts to sue Defendant, an IRS officer, in his individual capacity because Defendant sent him "a gift." ECF No. 1 at 5. Even if accepted as true and construed liberally, there is nothing unconstitutional about sending someone a gift. And even if Plaintiff had a valid constitutional claim, it would be prohibited under Bivens:[16,17]

> "26 U.S.C. § 7433(a) by its terms provides the exclusive remedy for recovering damages against an IRS employee for wrongful collection activities...the availability of adequate statutory avenues for relief forecloses a Bivens action against individual IRS agents for alleged constitutional violations with respect to the collection and assessment of taxes."

---

[16] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).
[17] Though Plaintiff claims to be pursuing a § 1983 action against a State or local official, ECF No. 1 at 4, IRS employees are federal officials. The Court construes the complaint as a Bivens action. See Marshall v. United States, 763 F. App'x 862, 864 (11th Cir. 2019).

Al-Sharif v. United States, 296 F. App'x 740, 741 (11th Cir. 2008). The Court has considered Plaintiff's pro se status. Still, Plaintiff's complaint fails to articulate a factual basis for any claim, fails to follow the pleading requirements under the Local Rules and the Federal Rules of Civil Procedure, and seeks a cause of action that is barred under Bivens. Because of that, it is objectively frivolous.

Further, Plaintiff should have known his claim was frivolous. As discussed above, Plaintiff has had similar claims dismissed for failure to state a claim and as frivolous.[18] Plaintiff is no stranger to this process – in eight months he has been on the receiving end of fourteen dismissals. "On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered." Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001). Even without the benefit of numerous court orders—and setting the delusional facts aside—any basic inquiry into the law would have shown Plaintiff there was not a cause of action.

Having determined Plaintiff violated Rule 11, the question turns to what sanction should be imposed that is limited to deter Plaintiff from filing additional frivolous cases in federal court. See Fed. R. Civ. P. 11(c)(4).

---

[18] See 4:24-cv-12-MW-MAF; 4:24-cv-17-WS-MAF, discussed supra at 2.

"While courts may take creative action to discourage hyperactive litigators, they cannot construct blanket orders that completely close the courthouse doors to those who are extremely litigious." Cobble, 816 F. App'x 355, 360 (internal quotations omitted). Injunctive sanctions are permitted through the All Writs Act, and while a litigant can be "severely restricted as to what he may file," it should be narrowly tailored to reach the desired result. Procup, 792 F.2d 1069, 1074 (11th Cir.1986); See also Foley v. Orange Cnty., No. 23-12740, 2024 WL 3517648, at *2 (11th Cir. July 24, 2024).

    Given Plaintiff's particularly vexatious history in such a short time coupled with his continual disregard of court orders, the Court recommends an injunctive sanction prohibiting Plaintiff from filing any future federal cases relating to IRS 'vouchers' or IRS tax returns unless it is a new or novel claim related to activities that have not been the subject of a previously filed action and it is filed through an attorney licensed to practice in this jurisdiction. It is further recommended Plaintiff be ordered to pay the clerk of court $400 as a sanction prior to being allowed to file any further action. This injunction would not prohibit Plaintiff from submitting filings in the following circumstances: in any proceeding where he is the Defendant; in habeas proceedings; in a proceeding related to conditions of confinement alleging imminent danger of

serious physical injury; and in any proceeding initiated on Plaintiff's behalf by a licensed attorney.

The amount of the sanction is akin to the filing fee that a plaintiff must pay if not granted in forma pauperis status. Plaintiff "has abused the privilege of proceeding in forma pauperis. It is not too much to ask that he pay the same amount now, prior to being allowed to file any further action." Makere v. Fitzpatrick, No. 4:22CV315-RH-ZCB, 2023 WL 3010539, at *1 (N.D. Fla. Mar. 22, 2023), aff'd, No. 23-11231, 2024 WL 2152114 (11th Cir. 2024).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED with prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g) and as frivolous. It is also **RECOMMENDED** that Plaintiff be sanctioned under Rule 11 and the All Writs Act.

**IN CHAMBERS** at Tallahassee, Florida on August 27, 2024.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).